IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.                                           Case No. 15-CV-00864 SMV/LF

JILL D. COOK and MARK C. PIERCE,

    Defendants.

### DEFENDANT MARK PIERCE'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF AND COUNT VIII

Defendant Mark Pierce ("Pierce") by and through his undersigned attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the court to dismiss any and all claims for injunctive relief and Count VIII in Plaintiff Securities Exchange Commission's (the "Commission") Complaint for failure to state a claim upon which relief may be granted. The basis for this motion is that the Commission has failed to plead facts supporting a plausible claim of a reasonable or substantial likelihood of a violation of the securities laws by Pierce in the future and that Pierce was an "officer of an issuer" within the meaning of that phrase in Exchange Act Rule 13b2-2(a). Counsel for Pierce conferred with counsel for the Commission concerning the relief sought by this motion, and determined that it is opposed. In support of this motion, Pierce states as follows:

## ARGUMENT

**A.     To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain sufficient factual allegations that, if assumed to be true, state a claim to relief that is plausible on its face.**

"[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). However, the court does not accept as true conclusory statements or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679, 129 S.Ct. at 1950. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 678, 129 S.Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotations omitted). The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679, 129 S.Ct. at 1950. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

The plausibility standard applies to claims seeking injunctive relief. *See, e.g., Ajaj v. Fed. Bureau of Prisons*, 838 F. Supp. 2d 1108, 1115 (D. Colo. 2011) (holding that the pleading standards of *Iqbal* and *Twombly* apply to requests for injunctive relief); *Ajjarapu v. AE Biofuels, Inc.*, 728 F. Supp. 2d 1154, 1169 (D. Colo. 2010) (dismissing request for injunctive relief in connection with securities fraud claim for failure to adequately plead elements required for injunction); *Rodgers v. Fallin*, No. CIV-12-171-D, 2013 WL 149716, at *5 (W.D. Okla. Jan. 14, 2013) (dismissing claim for injunctive relief under plausibility standard because it was based on "mere speculation regarding what might occur in the future...."); *Colorado Cross-Disability Coal. v. Women's Health Care Associates, P.C.*, No. 10-CV-01568-RPM, 2010 WL 4318845, at *4 (D. Colo. Oct. 25, 2010) (speculation about the future in a claim for injunctive relief does not meet the plausibility standard of *Twombly*).

**B.      The Commission seeks injunctive relief against Pierce for possible violations of the securities laws in the future.**

In its Complaint, the Commission alleges that Pierce violated and aided and abetted violations of the securities laws and rules promulgated thereunder. (Complaint, Doc. 1, pp. 56-64, ¶¶ 167-206) In essence, the Commission accuses Pierce, a former employee of Los Alamos

National Bank ("LANB"), of violating loan standards and making misrepresentations about the condition of loans between 2010 and July 2012, leading to alleged material misrepresentations in financial statements and filings with the Commission of LANB and its holding company, Trinity Capital Corporation ("TCC"). (*Id.*, pp. 2-3, ¶¶ 2-12)

The Commission requests injunctive relief in connection with each of its ten counts against, and recites, that "unless enjoined, [Pierce] will again violate" or "unless enjoined, [Pierce] will again aid and abet violations" of the securities laws and regulations. (*Id.*, pp. 56-64, ¶¶ 170, 175, 179, 183, 188, 192, 195, 198, 202, and 206)   However, the Commission alleges no facts in its Complaint suggesting that Pierce is currently engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the securities laws.

C.  **Injunctive relief is available to the Commission only if it proves that a defendant is engaged or about to engage in any acts or practices which constitute or will constitute a violation of securities laws.**

Section 20(b) of the Securities Act (15 U.S.C. § 77t(b)) and Section 21(d) of the Exchange Act (15 U.S.C. § 78u(d)(1)) provide that the Commission may seek a permanent injunction against a defendant who is engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the securities laws. "An injunction based on the violation of securities laws is appropriate if the SEC demonstrates a reasonable and substantial likelihood that the defendant, if not enjoined, will violate securities laws in the future." *S.E.C. v. Pros Int'l, Inc.*, 994 F.2d 767, 769 (10th Cir. 1993). "Determination of the likelihood of future violations requires analysis of several factors, such as the seriousness of the violation, the degree of scienter, whether defendant's occupation will present opportunities for future violations and whether defendant has recognized his wrongful conduct and gives sincere assurances against future violations." *Id.*

D. **The Commission has not alleged sufficient facts to state a plausible claim for injunctive relief.**

There are only three types of allegations in the Complaint bearing on the Commission's request for injunctive relief: (1) allegations that Pierce violated and aiding and abetted violations of the securities laws in 2012 and earlier, (Complaint, Doc. 1, pp. 2-3, ¶¶ 2-12) (2) an allegation that "Pierce is still employed in the banking industry," (*Id.*, p. 7, ¶ 16), and (3) conclusory allegations that "unless enjoined, [Pierce] will again violate" or "unless enjoined, [Pierce] will again aid and abet violations" of the securities laws and regulations. (*Id.*, pp. 56-64, ¶¶ 170, 175, 179, 183, 188, 192, 195, 198, 202, and 206) There are no factual allegations suggesting that the Commission has established a plausible claim, as opposed to a mere possibility, that there is a reasonable and substantial likelihood that Pierce will violate the securities laws in the future. It is now 2016, and Pierce's alleged violations took place between 2010 and 2012 while he was working for LANB. The Complaint alleges that Pierce resigned in April 2013. (*Id.*, p. 7, ¶ 16) Under the circumstances, naked allegations that Pierce will violate and aid and abet violations of the securities laws in the future unless enjoined do not suffice to state a plausible claim for relief.

E. **Exchange Act Rule 13b2-2(a), referred to in Count VIII of the Commission's Complaint, applies only to a "director or officer of an issuer."**

Pierce also moves to dismiss Count VIII of the Complaint for failure to state a claim upon which relief may be granted. Count VIII alleges a claim under Exchange Act Rule 13b2-2(a), which provides as follows:

> No director or officer of an issuer shall, directly or indirectly:
> (1) Make or cause to be made a materially false or misleading statement to an accountant in connection with; or
> (2) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

> (i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or
> (ii) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

17 C.F.R. § 240.13b2–2(a). Notably, Exchange Act Rule 13b2-2(a) applies only to directors and officers. The Commission's primary allegations in Count VIII are as follows:

> By engaging in the conduct described above, defendants Cook and Pierce each made, or caused to be made, materially false or misleading statements to an accountant in connection with audits, reviews or examinations of Trinity's financial statements or in the preparation or filing of Trinity's documents or reports required to be filed with the Commission; or omitted to state, or caused another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements or in the preparation or filing of Trinity's documents or reports required to be filed with the Commission.

(Complaint, Doc. 1, p. 62, ¶ 197) Earlier in the Complaint, and incorporated into Count VIII by reference, the Commission alleged that Pierce was an officer subject to Rule 13b2-2 of the Exchange Act. (*Id.*, p. 54, ¶ 158). These allegations, taken together, closely track the language of Rule 13b2-2(a), and there are no allegations relating to any other paragraph of Rule 13b2-2.[1]

Exchange Act Rule 3b-2 defines the term "officer" to include the company's "president, vice president, secretary, treasurer or principal financial officer, comptroller or principal accounting officer, and any person routinely performing corresponding functions with respect to any organization whether incorporated or unincorporated." 17 CFR 240.3b-2. Pierce is alleged in the Complaint to have been a Senior Loan Officer at LANB during the time of the alleged securities law violations at issue in this case. (Complaint, Doc. 1, p. 7, ¶ 16) TCC, the holding company of LANB, and not LANB itself, is alleged to be the "issuer" in the portions of the Complaint

---

[1] For example, the SEC has not alleged that Pierce was "any other person acting under the direction" of an officer or director as referred to in paragraph (b) of the Rule, or that he was acting on behalf of an officer or director of an investment adviser as referenced in paragraph (c) of the Rule.

incorporated by reference into Count VIII. (*Id.*, p. 7, ¶ 17) Pierce was not a "president, vice president, secretary, treasurer or principal financial officer, comptroller or principal accounting officer" of LANB or TCC, and the Commission does not allege otherwise in its Complaint. *Id.* Furthermore, the Commission has not alleged any facts suggesting that Pierce was "routinely performing corresponding functions with respect to any organization whether incorporated or unincorporated." 17 CFR 240.3b-2. In short, there is nothing from which to conclude that Pierce was an "officer" within the meaning of Exchange Act Rule 13b2-2(a) except the Commission's naked and conclusory statement to that effect in paragraph 158 of the Complaint.

F.   **The Commission has not alleged sufficient facts to state a plausible claim that Pierce has violated Rule 13b2-2.**

The Commission's statement that "Pierce, as SLO, [is an] officer[] of Trinity subject to Rule 13b2-2 under the Exchange Act" (Complaint, Doc. 1, p. 54, ¶ 158) is an example of a threadbare recital of an element of a cause of action, supported by a mere conclusory statement. There are no facts alleged in the Complaint from which the Court could conclude that Pierce is plausibly an "officer of an issuer" as referred to in Rule 13b2-2. For this reason, Pierce requests that the Court dismiss Count VIII of the Commission's Complaint.

## CONCLUSION

WHEREFORE, for the reasons stated above, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Pierce requests the Court to dismiss the Commission's claims for injunctive relief as well as Count VIII of the Complaint.

Respectfully submitted,

THOMPSON, HICKEY, CUNNINGHAM, CLOW,
APRIL & DOLAN, P.A.

By: _____
David F. Cunningham
Attorneys for Defendant Mark C. Pierce
460 St. Michael's Drive, Suite 1000
Santa Fe, New Mexico 87505
(505) 988-2900

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system to counsel of record this 11th day of January, 2016.

Polly Atkinson
US Securities and Exchange Commission
1961 Stout Street, Suite 1500
Denver, CO
AtkinsonP@sec.gov

/s/ _____
David F. Cunningham