UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                              Case No. 15-cv-00864

      v.

JILL D. COOK
and
MARK C. PIERCE,

                Defendants.

## FINAL JUDGEMENT AS TO MARK C. PIERCE

The Securities and Exchange Commission having filed a Complaint and Defendant Mark C. Pierce having entered a general appearance; consented to the Court's jurisdiction over Pierce and the subject matter of this action; participated in a Court-ordered settlement conference conducted pursuant to Rule 408 of the Federal Rules of Evidence; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder by, knowingly circumventing or knowingly failing to implement a system of internal accounting controls to make and keep books, records, and accounts of any public company, which, in reasonable detail, accurately and fairly reflects the transactions and dispositions of the assets of the company, or knowingly falsify or cause to be falsified the books, records or accounts of any public company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2] under the Exchange Act by, making, or causing to be made, materially false or misleading statements to an accountant in connection with an audit, review, or examination of any public company's financial statements or in the preparation or filing of any public company's documents or reports required to be filed with the Commission; or omitting to state, or causing another person to omit

3

to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with an audit, review, or examinations of financial statements or in the preparation or filing of any public company's documents or reports required to be filed with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that files materially false and misleading reports with the Commission that contain untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by knowingly or recklessly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the company's transactions and dispositions of its assets or fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles and any other criteria applicable to such statements.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Pierce.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Pierce is prohibited, for 5 years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Pierce shall pay a civil penalty in the amount of $30,000 to the Securities and Exchange Commission pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Pierce shall make payment of $1,000 within 30 days after entry of this Final Judgment; $7,500 within 90 days after entry of Final Judgment; $7,500 within 180 days after entry of Final Judgment; $7,500 within 270 days after entry of Final Judgment; and $6,500 within 360 days after entry of Final Judgment ("Payment Plan"). There will be no pre-payment penalty.

Pierce may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Pierce may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mark C. Pierce as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Pierce shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Pierce relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for a civil penalty through any

collection procedures authorized by law at any time after a payment is not made in accordance with the Payment Plan. Defendant shall pay post judgment interest on Payment Plan amounts and any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Pierce shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Pierce shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Pierce by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Pierce under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *January 23, 2017*

*[signature]*
UNITED STATES DISTRICT JUDGE

8